IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ANTHONY JAMES MYSLICKI | § | |
| | § | |
| V. | § | A-11-CA-731-SS |
| | § | |
| DON SMITH, MICHAEL SULLIVAN, | § | |
| PAUL WARD, BRIAN COSTELLO, | § | |
| and PATRICK SULLIVAN | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE SAM SPARKS
           UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint and more definite statement. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Austin Transition Center ("ATC"), which is managed by Avalon. Plaintiff alleges the rules, guidelines, procedures, treatment facility construction, and administrative acts of the facility have all failed to take account of his physical or mental health. Plaintiff contends the Avalon rules infringe on his constitutional right to be treated as a free citizen. Plaintiff asserts the staff at the ATC does not make any attempt to abide by state and federal guidelines, governing the operations of a free-world halfway house. Plaintiff contends Avalon is a group of organized criminals.

According to Plaintiff, staff members holler over the intercom, demand the dorm to be spotless, treat the residents like prison inmates, create overcrowding in the dorms, and allow water from the showers to flood the toilet area. He demands monetary relief in the amount of $88,000.00 for the "Nazi type treatment [he has] been subjected to."

After consideration of Plaintiff's complaint, the Court ordered Plaintiff to file a more definite statement. In his more definite statement Plaintiff further asserts residents are served low quality food. He contends the defendants are involved in a crooked conspiracy to deny Plaintiff his constitutional rights.

## DISCUSSION AND ANALYSIS

A.  Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Ferguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

2

B.  <u>Constitutional Violations</u>

Plaintiff filed his complaint on the form to be used by prisoners in filing civil rights actions pursuant to 42 U.S.C. § 1983. In order to state a civil rights claim cognizable under section 1983, Plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by one acting under color of state or federal law. <u>West v. Atkins</u>, 487 U.S. 42, 48, 108 S. Ct. 2250 (1988). Absent either element, a claim is not cognizable under section 1983. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The Court has liberally construed Plaintiff's complaint and more definite statement with all possible deference due a pro se litigant. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520, 92 S. Ct. 594 (1972) (allegations of pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, the pleadings in this case lack the requisite specificity and fail to raise any constitutional deprivations actionable under section 1983. Even accepting as true all of Plaintiff's allegations regarding the conditions at the Avalon facility, those conditions are insufficiently serious to create an unconstitutional situation.

<u>RECOMMENDATION</u>

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

3

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders. See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ - Office of the General Counsel and the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 11th day of October, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE